FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 19 P 1: 24

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GILBERT EUGENE HATFIELD #371-115 :

    Petitioner :

v. : Civil Action No. JKB-13-2676

MARYLAND PAROLE COMMISSION :
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND :

    Respondents :

## MEMORANDUM

On September 13, 2013, the Clerk received a habeas corpus petition from Gilbert Eugene Hatfield, who is presently detained at the Maryland Reception Diagnostic Classification Center in Baltimore City. Hatfield, who has a lengthy criminal history in the Maryland courts dating from 1991,[1] challenges his continued detention on a retake warrant pending disposition of a charge of violation of parole. The gist of Hatfield's complaint is that his revocation hearing has not occurred in a timely fashion, and as a result his mental disabilities cannot be addressed. ECF No. 1 at 5.

Maryland electronic case search reveals that on October 12, 2011, Hatfield was sentenced in the Circuit Court for Carroll County after he was found guilty of a third-degree sex offense in Case No. 06K11041344. Hatfield was sentenced to ten years' incarceration, seven years suspended in favor of five years of probation.[2] When he failed to register as a sex offender, he

---

[1] See http://casesearch.courts.state.md.us/inquiry/inquiry-results.jsp?action=Search&filingDate=&filingStart=&courtSystem=B&filingEnd=&firstName=GILBERT&company=N&lastName=HATFIELD&site=CRIMINAL&d-16544-p=1&partyType=&countyName=&middleName=

[2] See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=06K11041344&loc=61&detailLoc=K

was charged with a new offense and has been confined since May 28, 2013, pending trial and a parole revocation hearing, both scheduled for November 18, 2013.[3]

Hatfield's petition, construed as filed pursuant to 28 U.S.C. § 2241, is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Hatfield must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982).

The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal,[4] and thereafter seeking *certiorari* to the Court of Appeals. Exhaustion of additional other claims may be required by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal.

Hatfield has not yet been tried for violation of parole, nor does the electronic record demonstrate that he sought release pending his parole revocation hearing. If parole is revoked,

---

[3] *See id.*, Case Nos. 06K13044396 and 06K13044397. Hatfield was released on $5,000 bond in Case No. 06K13044397, but the docket does not indicate that bond was considered in Case No. 06K13044396.

[4] Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

2

Hatfield can appeal that decision. In the meantime, he is held on what appears to be a valid conviction, which he does not challenge here, and he has additional criminal charges pending.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature. *See Gray v. Netherland*, 518 U.S. 152, 161-67 (1996). Thus, the case will be dismissed without prejudice by separate order. A certificate of appealability will not issue because Hatfield has not made a "substantial showing of the denial of a constitutional right."[5]

A separate Order follows.

Sept. 18, 2013
Date

James K. Bredar
United States District Judge

---

[5] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

3